UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

ROBERT HAYES                                                                                           PLAINTIFF

v.                                                                      CIVIL ACTION NO. 3:10-CV-00679

FARMERS INSURANCE GROUP, *et al.*                                                          DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court on the motion of defendant Farmers Insurance Group ("Farmers") for summary judgment (DN 21). For the reasons stated herein, that motion will be denied.

### BACKGROUND

The dispute in this case arises from a fire at plaintiff Robert Hayes' residence. According to Hayes' complaint, he had insured his residence with Truck Insurance Exchange ("TIE") and Farmers, and his automobile with Ohio Casualty Insurance Company ("OCIC"). Hayes' complaint stated that TIE and OCIC were insurance companies licensed to transact business in Kentucky, and Farmers was an "unincorporated business association and/or an affiliate, subsidiary or trade name for TIE and transacts business in Kentucky."

Hayes filed an action in Jefferson County, Kentucky, Circuit Court, alleging that he had properly submitted claims to Farmers, TIE, and OCIC for the damage to his property from the

fire, but the companies refused to pay him for his losses. Hayes asserted claims for breach of contract and breach of the Kentucky Unfair Claims Settlement Practices Act ("UCSPA").[1]

Farmers has now moved for summary judgment on the ground that Hayes did not have an insurance contract with Farmers, and thus Farmers cannot be held liable for breach of contract or a violation of UCSPA. Hayes has submitted response papers, and Farmers has submitted a reply.

## ANALYSIS

### A. Applicable Standards

To prevail on a motion for summary judgment, the movant must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact arises when there is sufficient evidence on which the jury could reasonably find for the non-moving party. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1985). The disputed issue need not be resolved conclusively in favor of the non-moving party, but that party must present sufficient probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-289 (1968). The evidence must be construed in the light most favorable to the non-moving party. *Summers v. Leis*, 368 F.3d 881, 885 (6th Cir. 2004).

### B. Analysis

Under Kentucky law, the "elements of a breach of contract are: (1) the existence of a valid contract; (2) breach of the contract; and (3) damages or loss to plaintiff." *Sudamax*

---

[1] OCIC has settled the claims against it.

*Industria e Comercio de Cigarros, Ltda v. Buttes & Ashes, Inc.*, 516 F. Supp. 2d 841, 845 (W.D.Ky 2007). A contract is only binding upon the parties to the contract. *Id.*

Additionally, UCSPA lists 17 types of unfair claims settlement practice. KRS § 304.12-230. In Kentucky, an individuals may sue an insurer who engages in one of the practices deemed unfair under UCSPA. *See State Farm Mut. Auto. Ins. Co. v. Reeder*, 763 S.W.2d 116 (Ky. 1988). In *Davidson v. Am. Freightways, Inc.*, the Kentucky Supreme Court stated that the "gravamen of the UCSPA is that an insurance company is required to deal in good faith with a claimant, whether an insured or a third-party, with respect to a claim which the insurance company is *contractually obligated* to pay." 25 S.W.3d 94, 100 (Ky. 2000) (emphasis in original). Thus, the Kentucky Supreme Court held that the a bad-faith claim under UCSPA applied "only to those persons or entities (and their agents) who are 'engaged . . . in the business of entering into contracts of insurance.'" *Id.* at 102 (citing KRS § 304.1-040).

Here, Farmers contends that it is not liable to Hayes for breach of contract, because it was not a party to the insurance contract. Rather, Farmers asserts that TIE–a subsidiary of Farmers–was the sole issuer of Hayes' insurance policy. Farmers also claims that it was not liable under UCSPA because it did not issue Hayes' insurance policy, and moreover, unlike its subsidiary TIE, Farmers was not even engaged in the business of issuing insurance contracts.

However, the problem for Farmers is that the evidence provided to this court is insufficient to show that Farmers is entitled to judgment as a matter of law on those grounds. First, despite Farmers' contention that it did not enter into a contract with Hayes, Hayes has submitted to this court numerous documents calling that assertion into doubt. Foremost among those documents is the declarations page of the insurance policy. To be sure, the declarations

page has TIE's name printed at the top of the page. But it also prominently features Farmers' logo at the top of the page. And there is no indication which of those two–if not both of them–was the issuer of the policy. Additionally, the first page of the policy after the declarations page has Farmers' logo atop the page, without any mention of TIE. Given that Farmers' logo was plastered onto the top of various pages of Hayes' insurance policy, and that there was no clear statement that TIE, rather than Farmers, was the issuer of the policy, this court cannot see how it can conclude as a matter of law that Farmers was not an issuer of that policy.

Moreover, underpinning Farmers' arguments that it should not be held liable for the insurance contract because the contract was issued by TIE is its assertion that it and TIE are separate entities that cannot be held legally liable for the actions of the other. But Farmers has not provided this court with even a scintilla of evidence to show that it and TIE are separate legal entities. On the other hand, Hayes has submitted documents that could reasonably be seen to indicate that TIE and Farmers are one and the same, or, at the very least, that one is merely a division of the other. For instance, Hayes submitted a letter that had been sent to him concerning his insurance claim from Kevin Vicks at Truck Insurance Exchange. But Mr. Vicks' email address was kevin.vicks@farmersinsurance.com, the letter had Farmers' logo at the top, and the letter requested that all correspondence be mailed to "Farmers National Document Center" or emailed to claimsdocuments@farmersinsurance.com. Farmers' failure to provide any evidence that it and TIE are separate entities, along with the letter suggesting that TIE and Farmers are one and the same thus prevents this court from granting Farmers summary judgment on the ground that it cannot be held liable for an insurance contract issued by TIE.

There is but one piece of evidence that Farmers submitted that this court finds supportive of its claims in the least: Hayes' application for the homeowner's insurance policy. That application is the only document submitted by either party that does not have Farmers' logo on it. In a box labeled "CO/PLAN" on the application, TIE's name is printed. However, that sole piece of evidence is far too ambiguous for this court to conclude that Farmers was not the issuer of Hayes' policy as a matter of law. For one thing, no matter what the application may have said, the policy itself–including the declarations page–contains Farmers' logo on it. For another, as described above, this court does not have any evidence that TIE and Farmers were separate corporate entities. Further, Hayes provided an affidavit explaining that he was of the belief that he was purchasing an insurance policy from Farmers because of advertisements by Farmers stating that it offered homeowner's insurance and because he was repeatedly told by the insurance agent he dealt with that the policy was being issued by Farmers.

## CONCLUSION

In short, this court cannot conclude as a matter of law, based on the evidence submitted, that Farmers was not an issuer of Hayes' insurance policy. Thus, Farmers' motion for summary judgment will be denied.

A separate order will be issued in accordance with this opinion.

May 11, 2012

Charles R. Simpson III, Judge
United States District Court